UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

DAVID GEVAS,
    Plaintiff,

v.                              08-1379

C. MCLAUGHLIN, et al.,
    Defendants.

MEMORANDUM OPINION AND ORDER

Before the court are Defendants, Geraldo Acevedo, Nicholas Bryan, Michael Chapin, Richard Hall, Duane Price, Cornealious Sanders, David Unsworth and Roger E. Walker, Jr.'s Motion for Partial Summary Judgment [125], Paintiff's response [132] and Defendants' reply [134]. Defendants move for partial summary judgment pursuant to Federal Rules of Civil Procedure 56(b) and Local Rule 7.1(D) and submits their Memorandum of Law in Support of Defendants' Motion for Partial Summary Judgment.

Background

Plaintiff, an inmate incarcerated in the Illinois Department of Corrections, has filed suit pursuant to 42 U.S.C. §1983, for violations of his civil rights. Plaintiff alleges that Defendants failed to protect him from assault by another inmate. Specifically, Plaintiff was involved in an altercation with his cell mate, Inmate Adkins, on May 29, 2008, wherein he was stabbed in the neck with a pen. Defendants assert that they are entitled to summary judgment because 1) Plaintiff admits Defendants Sanders and Hall are not a part of this failure to protect case, 2) Plaintiff did not inform Defendants Chapin, Price, Unsworth or Bryan that he needed to be protected from Inmate Adkins, 3) Defendant Walker did not personally sign off on inmate grievances, and therefore is not personally involved in the allegations and 4) Defendant Acevedo does not personally review mail from inmates, and therefore is not personally involved in the allegations.

Undisputed Material Facts[1]
1. Plaintiff was involved in an altercation with his cell mate Inmate Adkins on May 29, 2008, wherein he was stabbed in the neck with a pen. (Deposition of Plaintiff p.11, attached as Exhibit A and Incident Report, attached as Exhibit B).
2. Plaintiff admits that Defendant Sanders is not a part of his failure to protect claim. (Exhibit A p. 52 ¶16-19).
3. Plaintiff admits that Defendant Hall is not a part of his failure to protect claim. (Exhibit A p. 22-23).

---

[1]Exhibits can be found attached to Defendants' Memorandum of Law [126] unless otherwise noted.



4. Plaintiff did not tell Defendant Chapin that he was afraid of Adkins or that Adkins had made any threats to him prior to the May 29, 2008 altercation. (Exhibit A, pp. 21-22).
5. Plaintiff did not tell Defendant Price that he feared for his safety prior to the May 29, 2008 altercation. (Exhibit A, p. 50).
6. Plaintiff did not have any communications with Defendant Unsworth prior to the May 29, 2008 altercation. (Exhibit A, p. 60 ¶6-15).
7. Plaintiff did not have any communications with Defendant Bryan about inmate Adkins prior to May 29, 2008. (Exhibit A, p. 79 ¶19-21).
8. Plaintiff had no communications with Defendant Walker, other than through the grievance process. (Exhibit A, p. 63).
9. Defendant Walker is a part of Plaintiff's failure to protect claim because he denied Plaintiff's grievances.[2] (Exhibit A, p.63).
10. As the former Director of the Illinois Department of Corrections, Defendant Walker did not personally sign letters from the ARB that addressed inmate grievances. Terri Anderson signed Roger E. Walker Jr.'s name on letters from the Administrative Review Board that addressed inmate grievances, as indicated by her initials below Defendant Walker's signature. Terri Anderson had the authority to review and sign on the Director's behalf as an administrative designee. (Affidavit of Terri Anderson, attached as Exhibit C).
11. Plaintiff's only communications with Defendant Acevedo were two letters sent to him on May 23rd and May 26th. (Exhibit A, p. 73).
12. Defendant Acevedo is the Acting Warden of Hill Correctional Center. (Plaintiff's Complaint).
13. Defendant Acevedo does not review mail from inmates. Defendant has delegated that task to his secretary who reviews mail from inmates on his behalf. It is the practice of his secretary to forward any mail from inmates alleging their safety is threatened directly to the Internal Affairs Unit at Hill Correctional Center for immediate investigation.[3]

---

[2] Plaintiff disputes fact numbers 9 and 10 simply by stating he denies that the paragraphs state facts rather than conclusions. Plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment .... Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Here, the plaintiff has not supplied any evidence

[3] Plaintiff disputes this fact by asserting it is not sufficiently supported with evidence and that there is no testimony offered from the secretary. Plaintiff also states Defendant's credibility is in issue. However, Defendant Acevedo has provided an affidavit that is based on his personal knowledge. He sets out facts that would be admissible in evidence. Again, Plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment .... Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Here, the plaintiff has only made arguments. He has provided no evidence to defeat the fact. Furthermore, plaintiff's argument that because Acevedo delegated this duty to his secretary, his/her actions are his actions. Not true. To hold a person liable under § 1983, however, the plaintiff must prove that the defendant was personally involved in the deprivation of a constitutional right. Johnson v. Snyder, 444 F.3d 579, 583-84 (7th

(Defendant Acevedo's Interrogatory Response, attached as Exhibit D).

## Summary Judgment Standard

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events. *Johnson v. Cambridge Indus.*, Inc., 325 F.3d 892, 901 (7th Cir. 2000). A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial." *See* Fed. R. Civ. P. 56(e). In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]." Fed. R. Civ. P. 56(e). Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment .... Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor." *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001). Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial." *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999). Failure by the non-movant to meet all of the above requirements subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence." Fed. R. Civ. P. 56(e) (emphasis added). Personal knowledge may include inferences and opinions drawn from those facts. *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991). "But the inferences and opinions must be grounded in observation or other first-hand personal experience. They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience." *Visser*, 924 F.2d at 659. It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment. Keri v. Barod of Trustees of Purdue University, 458 F.3d 620, 628 (7th Cir.2006)(*citing Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir.1997)).

---

Cir.2006). To be personally responsible for someone else's conduct, the defendant must have known about the conduct and either facilitated, endorsed, or deliberately ignored it. *Id.*

Discussion and Conclusion

Prison officials can be held liable under the Eighth Amendment for an injury suffered by a prisoner at the hands of another only if two requirements are met. The first requirement is objective: the plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The second requirement is subjective: the plaintiff must prove the prison official exhibited deliberate indifference to plaintiff's safety. *Id.* Deliberate indifference, as defined in *Farmer*, occurs when a prison official "knows of and disregards an excessive risk to inmate . . . safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. The official must "demonstrate something approaching total unconcern for his [the inmate's] welfare in the face of serious risks," *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992) *citing McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991), or must demonstrate a "conscious, culpable refusal to prevent harm." *Id. citing Duckworth v. Franzen*, 780 F. 2d 645, 653 (7th Cir. 1985), *cert. denied*, 479 U.S. 816 (1986).

Furthermore, liability cannot be premised on the idea that a reasonable prison official would or should have known that the inmate was at risk. *Farmer v. Brennan*, 511 U.S. 825 (1994). A prison official cannot be deliberately indifferent to an inmate without *knowing* the inmate was at risk of harm. *Goka v. Bobbitt*, 862 F.2d 646, 647-48 (7th Cir. 1988)(emphasis added). However, deliberate indifference to an inmate's safety concerning the alleged failure to protect him has been found when the prison officials did nothing in response to the inmate's concern. *Lewis v. Richards*, 107 F.3d 549, 553 (7th Cir. 1997). In order to impose individual liability under 42 U.S.C. §1983, a plaintiff must prove that the defendant had some personal responsibility for the alleged violation. *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985). However, personal involvement cannot be established simply by alleging that a defendant was notified by letter of an alleged constitutional violation. *Volk v. Coler*, 638 F. Supp. 1540, 1548 (C.D. Ill. 1986). Moreover, the 7th Circuit has held that public employees are responsible for their own misdeeds, but not for anyone else's. *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009).

Plaintiff admits in his response that Defendants Bryan, Chapin, Hall, Sanders, Price and Unsworth are not a part of his failure to protect claim. Plaintiff asserts that he raised claims regarding false disciplinary/retaliation claims against these defendants. See plaintiff's response at pages 6 and 7. Therefore, the court finds that Plaintiff has not raised a claim of failure to protect against Defendants Bryan, Chapin, Hall, Sanders, Price and Unsworth. As a result, there is no need for this court to address the failure to protect claim against these defendants any further.

Defendant Walker did not personally sign off on inmate grievances, and therefore is not personally involved in the allegations. Moreover, Plaintiff had no communications with Defendant Walker, other than through the grievance process. Further, Plaintiff admits that Defendant Walker is a part of Plaintiff's failure to protect claim because he denied Plaintiff's grievances. It is well-settled that a plaintiff cannot state a constitutional claim for the denial of a

grievance. *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996). Furthermore, as the former Director of the Illinois Department of Corrections, Defendant Walker did not personally sign letters from the ARB that addressed inmate grievances. Terri Anderson signed Roger E. Walker Jr.'s name on letters from the ARB that addressed inmate grievances, as indicated by her initials below Defendant Walker's signature. Terri Anderson had the authority to review and sign on the Director's behalf as an administrative designee. Plaintiff admits that Defendant Walker was only involved in this case because of his role in the grievance process. However, the evidence is clear that Defendant Walker has no role in the grievance process. Terri Anderson signs letters from the ARB on his behalf. In order to impose individual liability under 42 U.S.C. §1983, a plaintiff must prove that the defendant had some personal responsibility for the alleged violation. *Duckworth v. Franzen*, 780 F.2d 645 (7th Cir. 1985). To hold a person liable under § 1983, however, the plaintiff must prove the defendant was personally involved in the deprivation of a constitutional right. *Johnson v. Snyder*, 444 F.3d 579, 583-84 (7th Cir.2006). To be personally responsible for someone else's conduct, the defendant must have known about the conduct and either facilitated, endorsed, or deliberately ignored it. *Id*. The defendant must have had a "realistic opportunity" to prevent the conduct but then deliberately or recklessly disregarded the plaintiff's constitutional rights. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir.2000)." Here, clearly Defendant Walker did not have prior knowledge that Inmate Adkins would attack the plaintiff. Even if he had actually reviewed the plaintiff's grievance regarding the assault, that would have been after the assault. Defendant was not personally involved in the May 29, 2008 assault incident, and therefore, can not be held liable under 42 U.S.C. §1983. Accordingly, Defendant Walker is granted summary judgment.

Finally, Defendant Acevedo does not personally review mail from inmates, and therefore is not personally involved in the allegations. Plaintiff's only communications with Defendant Acevedo were two letters sent to him on May 23rd and May 26th. As the Acting Warden of Hill Correctional Center, Defendant Acevedo does not review mail from inmates. He has delegated that task to his secretary who reviews mail from inmates on his behalf. Acevedo testified that it is the practice of his secretary to forward any mail from inmates alleging their safety is threatened directly to the Internal Affairs Unit at Hill Correctional Center for immediate investigation. Further, like Defendant Walker, Defendant Acevedo has no personal involvement in the allegations of the plaintiff's claims in this case. Defendant Acevedo never reviewed the letters from Plaintiff claiming to be in danger. Further, even if he had received those letters, he testified that letters from inmates in danger were sent to Internal Affairs for investigation. In addition, personal involvement cannot be established simply by alleging that a defendant was notified by letter of an alleged constitutional violation. *Volk v. Coler*, 638 F. Supp. 1540, 1548 (C.D. Ill. 1986). Accordingly, Defendant Acevedo is granted summary judgment.

It is therefore ordered:

1. Pursuant to Fed. R. Civ. P. 56, Defendants Walker and Acevedo are granted summary judgment on the plaintiff's claim of failure to protect. As there are no remaining claims against Defendants Walker and Acevedo, the clerk of the court is directed to terminate these Defendants, forthwith. The clerk of the court is directed to enter judgment in favor of Defendants Walker and Acevedo at the close of the case.

2. If the plaintiff wishes to appeal this order, he must file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455.00 appellate filing fee irrespective of the outcome of the appeal. Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate a strike under 28 U.S.C. 1915(g).

Enter this 9th Day of December 2010.

s/Joe B. McDade
_____
JOE BILLY MCDADE
SENIOR UNITED STATES DISTRICT JUDGE