UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID GEVAS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 08-1379 |
| C. McLAUGHLIN, et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants C. McLaughlin, Nicholas Bryan, Duane Price, and David Unsworth's Motion for Summary Judgment (Doc. 175) on Plaintiff's retaliation claims,[1] Plaintiff's Response (Doc. 186), and Defendants' Reply (Doc. 187). Defendants move for summary judgment pursuant to Federal Rules of Civil Procedure 56(b) and Local Rule 7.1(D). In consideration of the motion, Defendants' reply, and supporting memoranda of the parties, the motion is GRANTED.

### BACKGROUND

Plaintiff, an inmate incarcerated in the Illinois Department of Corrections (IDOC), Tamms Correctional Center ("Tamms"), filed suit pursuant to 42 U.S.C. § 1983 against various IDOC officials for failure to protect him[2] from assault by a fellow inmate and claims for retaliation because he complained about an assault against an inmate by a correctional officer and had filed various other grievances.

The summary judgment motion now before the Court relates to Plaintiff's only allowable retaliation claims; by Docket Order of January 6, 2011, Judge Baker allowed

---

[1] By Docket Order of January 6, 2011, these are the only Defendants against whom Plaintiff was allowed to assert a claim of retaliation.

[2] Plaintiff's claims for Failure to Protect were resolved in favor of all Defendants except Wayne Steele, S. Wright, and C. McLaughlin by Order of December 9, 2010.

Plaintiff to proceed only on his retaliation claims against Defendants McLaughlin, Bryan, Unsworth, and Price. The pertinent allegations of retaliation are found in Plaintiff's Response (Doc. 115) to Judge Harold A. Baker's Docket Order of February 18, 2010, ordering Plaintiff to "advise the Court of which defendant(s) he is claiming retaliated against him, the date of the retaliation, and the reason(s) for the retaliation and what protected activity the Plaintiff was exercising and the date he exercised the protected activity." Essentially, Judge Baker was ordering Plaintiff to conform his pleading to the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure: essentially Plaintiff is required to allege "sufficient facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007); *Bissessur v Indiana University Board of Trustees*, 581 F.3d 599, 602 (7th Cir. 2009). In his Response (Doc. 115), Plaintiff named all Defendants as having retaliated against him without specifying what each particular Defendant did, the date thereof, the reason for the retaliation, and the particular protected activity Plaintiff was exercising at the time. Plaintiff's Response was not in conformity with Judge Baker's Order or Rules 8 and 10 of the Federal Rules of Civil Procedure. As a consequence of that pleading deficiency, before deciding the extant summary judgment motion, the Court must first identify the plausible retaliation claims set forth by Plaintiff in his Complaint as elaborated on by his court ordered Response.

Plaintiff filed a grievance on or about February 12, 2008, regarding a violent assault of inmate Jarvis by Corrections Officer Ames on a transport bus; and later in February, Plaintiff complained of that assault in a letter to Illinois Attorney General Lisa Madigan. Plaintiff does not specify which of the Defendants, if any, took any retaliatory action against him because of that protected action.

On February 25, 2008, Plaintiff filed a Complaint regarding his medical treatment as referenced in Exhibits H1 and H2 attached to his Complaint. These exhibits indicate that Plaintiff had complained to the Illinois Department of Professional Regulation that Wexford

Health Sources, Inc., a private contract provider of medical services to the IDOC was not providing all the on-site medical personnel and otherwise complying with the policies and procedures required under its contract with IDOC. Plaintiff does not specify which of Defendants, if any, took any retaliatory action against him because of that protected action.

Plaintiff alleges that on March 29, 2008, he filed a grievance regarding a "substantially high risk of serious harm" and references Exhibit C attached to his Complaint. Exhibit C is a letter from Warden Walker dated August 19, 2008, concurring in the decision of the Administrative Review Board denying Plaintiff's grievance received on May 13, 2008, concerning his cell assignment with a Security Threat Group[3] ("STG") inmate.

Plaintiff alleges that on March 30, 2008, he was called to meet with Corrections Officer McLaughlin who threatened Plaintiff with a year in segregation for filing the March 29, 2008 grievance, and that Plaintiff would be celled with STG individuals and exposed to the high risk of serious injury; and that if Plaintiff did not like it, he could refuse housing and go to segregation.

On April 16, 2008, Plaintiff filed a second grievance concerning his cell assignment and included the retaliatory threats by McLaughlin at the March 30, 2008 meeting, and references Exhibit B1 - B3 attached to his Complaint. This Exhibit is a copy of Plaintiff's grievance of April 16, 2008, referring to his grievance of March 29, 2008, concerning his cell assignment with an STG inmate and Defendant McLaughlin's retaliatory threats. Except for Defendant McLaughlin, Plaintiff does not specify any other Defendant who took any retaliatory action against him in connection with these grievances.

Plaintiff alleges that on May 28, 2008, he filed a lawsuit for violation of his civil rights

---

[3] IDOC Administrative Directive 05.08.105 defines "Security Threat Groups" as ". . . an individual or group of individuals who pose a threat to others and to the security and orderly management of a correctional facility (formerly identified as gang or unauthorized organizational activity."

in the Northern District of Illinois. Plaintiff does not disclose the name of the defendants sued nor does he specify which Defendants in this case, if any, who took any retaliatory action against him for that protected activity.

Plaintiff alleges that on June 5, 2008, he filed a grievance regarding staff conduct, retaliation, failure to protect, and conspiracy as referenced in Exhibit K1 - K3 attached to his Complaint. Exhibit K1 - K3 is a grievance dated June 5, 2008, complaining that in connection with his March 21, 2008 letter to Illinois Attorney General Lisa Madigan complaining of the assault by Corrections Officer Ames against inmate Jarvis and after referral of that letter to the IDOC for investigation, Plaintiff was not interviewed[4] by IDOC Internal Affairs as part of its investigation of his complaint to Attorney General Madigan about the assault on the transport bus. He also summarized other grievances he had earlier filed including his grievance over his cell assignment and the alleged false disciplinary and Incident Reports prepared by Defendant Unsworth after he was stabbed by STG inmate Adkins in retaliation for reporting the assault of inmate Jarvis, and for various grievances and lawsuits. Except for Defendant McLaughlin and Unsworth, Plaintiff does not specify any other Defendants as having retaliated against him; although in connection with the alleged false disciplinary ticket, Defendant Bryan, as a witness, wrote up an Incident Report which was consistent with Defendant Unsworth's disciplinary ticket. Plaintiff's claim against Defendants Unsworth and Bryan is that they conspired to falsify and issue a false disciplinary ticket and Incident Report against Plaintiff in retaliation for his reporting an assault of inmate Jarvis and for filing grievances and lawsuits.

Construing Plaintiff's pleading in the light most favorable to him, the Court can only

---

[4] Exhibit G attached to Plaintiff's Complaint is IDOT's decision denying Plaintiff's grievance concerning the assault by Corrections Officer Ames against inmate Jarvis on procedural grounds: that the grievance process is not for issues that do not directly affect him, and therefore the grievance would not be processed by the Administrative Review Board. Inmate Jarvis would have to file his own grievance.

identify a plausible claim for retaliation against Defendants McLaughlin, Unsworth, and Bryan. In regard to McLaughlin, Plaintiff's claim is that Defendant McLaughlin retaliated against him for filing the grievance of March 29, 2008, by threatening him with a year in segregation and actual placement in a cell with an STG individual. The claim against Defendant Bryan is that he retaliated against Plaintiff by conspiring with Defendant Unsworth in filing a false supporting Incident Report about the altercation with Plaintiff's cellmate Adkins. This conduct was in retaliation for Plaintiff's complaint about the assault by a corrections officer against inmate Jarvis, and for various grievances and a lawsuit filed by Plaintiff. The claim against Defendant Unsworth is that he retaliated against Plaintiff for complaining of an assault by a corrections officer against inmate Jarvis, and for various grievances and a lawsuit filed by Plaintiff, by filing and bringing false disciplinary charges against Plaintiff regarding the physical altercation between Plaintiff and his cellmate Adkins, and because of the various grievances and lawsuit filed by Plaintiff.

## SUMMARY JUDGMENT STANDARD

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Any discrepancies in the factual record should be evaluated in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (*citing Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-59 (1970)). The party moving for summary judgment must show the lack of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248.

"Summary judgment is the 'put up or shut up' moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of

events.  *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2000).  A party opposing summary judgment bears the burden to respond, not simply by resting on its own pleading but by "set[ting] out specific facts showing a genuine issue for trial."  See Fed. R. Civ. P. 56(e).  In order to be a "genuine" issue, there must be more than "some metaphysical doubt as to the material facts."  *Matsushita Elec. Ind. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  "If [the nonmovant] does not [meet his burden], summary judgment should, if appropriate, be entered against [the nonmovant]."  Fed. R. Civ. P. 56(e).  Further, "[t]he plaintiff cannot merely allege the existence of a factual dispute to defeat summary judgment. . . . Instead, he must supply evidence sufficient to allow a jury to render a verdict in his favor."  *Basith v. Cook County*, 241 F.3d 919, 926 (7th Cir. 2001).  Specifically, the non-moving party "must present sufficient evidence to show the existence of each element of its case on which it will bear the burden at trial."  *Filipovic v. K&R Express Systems, Inc.*, 176 F.3d 390, 390 (7th Cir. 1999).  Failure by the non-movant to meet all of the above requirement subjects him to summary judgment on his claims.

Affidavits must be based on the personal knowledge of the affiant and "set out *facts* that would be admissible in evidence."  Fed. R. Civ. P. 56(e) (emphasis added).  Personal knowledge may include inferences and opinions drawn from those facts.  *Visser v. Packer Eng. Assoc., Inc.*, 924 F.2d 655, 659 (7th Cir. 1991).  "But the inferences and opinions must be grounded in observation or other first-hand personal experience.  They must not be based on flights of fancy, speculations, hunches, intuitions or rumors remote from that experience."  *Visser*, 924 F.2d at 659.  It is also well settled that "conclusory allegations and self-serving affidavits, if not supported by the record, will not preclude summary judgment.  *Keri v. Board of Trustees of Purdue University*, 458 F.3d 620, 628 (7th Cir. 2006)(*citing Haywood v. N. Am. Van Lines, Inc.*, 121 F.3d 1066, 1071 (7th Cir. 1997)).

## DISCUSSION AND ANALYSIS

The pertinent facts relating to this claim are taken from the parties' respective

memorandum in support of and in opposition to the summary judgment motion. All factual discrepancies are resolved in favor of Plaintiff; he is given the benefit of all reasonable inferences, and the record viewed in the light most favorable to him.

Plaintiff was transferred to Hill Correctional Center from Stateville Correctional Center on January 2, 2008, where he was initially assigned an orientation cell and subsequently moved several times to a different cell culminating in his assignment to a cell with inmate Adkins on May 17, 2008, which lasted up to May 29, 2008. Throughout this period, each of Plaintiff's cellmates, including Adkins, told Plaintiff that he was an STG member. Prior to becoming Adkins' cellmate, Plaintiff had no knowledge of Adkins and had not been threatened by him. On May 29, 2008, Plaintiff was stabbed four times in the neck by Adkins during an altercation between them within the cell.

### RETALIATION CLAIM AGAINST DEFENDANT McLAUGHLIN

The day after he filed his grievance on March 29, 2008, regarding his cell assignment to a cell with a known STG individual, and in retaliation for the grievance, Defendant McLaughlin, who was connected with Internal Investigations, called Plaintiff to his office. According to McLaughlin, he asked Plaintiff what specific threats were made against him and who was threatening him, to which Plaintiff responded that he did not want to be housed with any STG members. Defendant McLaughlin stated that he then explained to Plaintiff that he could refuse a cell assignment if he was being threatened, and he would be placed in segregation to await other available housing. Plaintiff disputes this version of the conversation and says that McLaughlin threatened him with a year in segregation and placement in a cell with an STG individual.

On April 12, 2008, Plaintiff filed another emergency grievance[5] regarding his

---

[5] An emergency grievance is where there is found to be a substantial risk of imminent personal injury or other serious or irreparable harm to an inmate. Plaintiff's grievance was not substantiated as an emergency by acting warden, Defendant

assignment to a cell with an STG member and that Defendant McLaughlin threatened him with segregation placement. The basis for Plaintiff's belief that McLaughlin retaliated against him by knowingly assigning him to a cell with an STG individual is his unsupported statement that McLaughlin is the person who assigned Plaintiff to the cell with Adkins on May 17, 2008. Additionally, Plaintiff states that he was told by Defendant Price on June 6, 2008, that McLaughlin had retaliated against Plaintiff, along with Defendants Bryan and Unsworth by falsifying the disciplinary ticket written-up against Plaintiff in connection with the March 29, 2008, altercation between Plaintiff and his cellmate, William Adkins. Defendant McLaughlin argues that the record is void of sufficient evidence to allow a reasonable jury to find that he retaliated against Plaintiff. There is no showing in the record that McLaughlin carried out his threats he allegedly made to Plaintiff at the March 30, 2008 meeting. Except for Plaintiff's self-serving and unsupported statement, there is no showing that Adkins was an STG member; on the other hand, there is the affidavit of McLaughlin's witness, Amy Eldert, whose duties as the records officer at Hill Correctional Center includes maintaining records of inmates currently incarcerated at Hill Correctional Center and their movement history from prison to prison. She states that "inmate Adkins is not affiliated with Security Threat Group." The records under her authority includes a cumulative counseling summary log of contacts made with an inmate by IDOC staff members. The cumulative counseling summary log for Plaintiff does not reflect any complaint by Plaintiff that he is being threatened with physical harm or otherwise endangered by a cellmate. In fact, the log entry for April 28, 2008, reflects a comment by Plaintiff's counselor Jerri Friend, that "while in wing tour and during lockdown, this inmate [Plaintiff] indicated he had no issues or concerns to discuss." An important basis for Plaintiff's belief that McLaughlin retaliated against him is his unsupported statement that McLaughlin is the person who assigned

---

Acevado, and that it should be submitted in the normal manner.

Plaintiff to the cell with inmate Adkins on May 17, 2008. Additionally, Plaintiff states that he was told by Defendant Price on May 17, 2008, that McLaughlin, along with Defendants Bryan and Unsworth, had retaliated against him by falsifying the disciplinary ticket and supporting Incident Report written up against Plaintiff in connection with the altercation with his cellmate resulting in the stabbing of Plaintiff. There is no showing by Plaintiff that Defendant McLaughlin handles cell assignments; according to McLaughlin's affidavit, cell assignments are handled by the Placement Office. There is no showing that McLaughlin had any notice of any grievance by Plaintiff except the one filed on March 29, 2008. There is no showing in the record of any conversation between and among Defendants McLaughlin, Price, Bryan, and/or Unsworth about falsifying a disciplinary ticket against Plaintiff concerning the altercation between Plaintiff and his cellmate William Adkins on March 29, 2008. Without such showings, either directly or inferentially, a reasonable jury could not find that Defendant McLaughlin conspired with those officers to falsify a disciplinary ticket or otherwise retaliate against Plaintiff for being a frequent grievant. Perhaps more importantly, Plaintiff's evidence in the form of the hearsay statements of Defendant Price would be inadmissible at trial and, under Rule 56(e) of the Federal Rules of Civil Procedure, is inadmissible for purpose of summary judgment.

### RETALIATION CLAIM AGAINST DEFENDANTS UNSWORTH, BRYAN, AND PRICE

Plaintiff's claim is that in connection with an altercation he had with his cellmate Adkins on May 29, 2008, Defendants Unsworth, Bryan, and Price, as part of a conspiracy among themselves with Defendant McLaughlin, filed false disciplinary reports and supporting Incident Reports falsely charging Plaintiff with assaulting his cellmate, fighting and misuse of property by throwing a television set at his cellmate; and that the actions of those defendants were in retaliation for all the grievances and lawsuit being filed by Plaintiff, and Plaintiff's complaint about the assault by Corrections Officer Ames against

inmate Jarvis.

As to the claim that the disciplinary ticket written-up against Plaintiff was false and the product of a conspiracy among these Defendants, except for Plaintiff's self-serving statement, there is no support in the record for such a finding by a reasonable jury. As earlier stated, Plaintiff's reliance on information told to him by Defendant Price would be inadmissible hearsay. Additionally, there is no showing in the record that Defendants Bryan and Unsworth were aware of Plaintiff's various grievances or the content of the meeting between Plaintiff and Defendant McLaughlin during which Plaintiff was threatened because of his grievance about his cell assignments with STG members. And finally, the alleged false disciplinary ticket written by Defendant Unsworth was subjected to a hearing before the Adjustment Committee at which Plaintiff was able to give his contrary version of the altercation, and he was found guilty of the charges.

## CONCLUSION

For all the above reasons, the Court finds that there are no material facts in dispute, and all four Defendants are entitled to summary judgment against Plaintiff on his retaliation claims.

IT IS THEREFORE ORDERED that summary judgment is GRANTED in favor of Defendants McLaughlin, Nicholas Bryan, Duane Price, and David Unsworth, and against Plaintiff David Gevas on the retaliation claim. The Clerk of the Court is directed to enter judgment in favor of these Defendants at the close of the case. As there are no remaining claims against Defendants Nicholas Bryan, Duane Price, and David Unsworth since they were found not to be a part of Plaintiff's Failure to Protect Claim by Order of December 9, 2010, the Clerk of the Court is ordered to terminate these Defendants forthwith.

The only pending claims left for disposition are Plaintiff's Failure to Protect claims against Defendants Wayne Steele, S. Wright, and C. McLaughlin. Mr. Wright is alleged to be the Acting Assistant Warden for Operations, and the Court questions whether Plaintiff

can show his personal involvement to the extent required by law to make Defendant Wright liable. Upon review of the Complaint, the Court also questions whether Plaintiff has pled a claim against Defendant McLaughlin alleging his personal involvement. Defendants Wright and McLaughlin are each invited to file a summary judgment motion within fourteen (14) days to determine whether or not a trial is required. This case is set for a final pretrial conference with counsel for the parties on Wednesday, May 2, 2012 at 1:30 P.M., in Peoria, in Courtroom D, in accordance with Local Rule 16.3(I). Counsel are reminded that under Local Rule 16.3(J), failure to comply with the requirement of the rule is sanctionable. This case is further set for jury trial on Monday, June 4, 2012 at 9:00 A.M., in person in Courtroom D at Peoria, Illinois. The Clerk of the Court is directed to issue a writ for Plaintiff's personal appearance at the jury trial on Monday, June 4, 2012 at 9:00 A.M.

ENTERED this  27th  day of January, 2012.

                                    s/Joe B. McDade
                                    JOE BILLY McDADE
                                    Senior United States District Judge