IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID GEVAS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| -vs- ) | No. 08-cv-1379 |
| ) | |
| C. MCLAUGHLIN, et al., ) | |
| ) | |
| Defendants. ) | |

# O R D E R   &   O P I N I O N

This matter is before the Court on Defendants' Motion for Bill of Costs, and Plaintiff's Response to it. (Docs. 310 & 311). For the reasons stated below, Defendants are awarded costs in the amount of $38.75.

Federal Rule of Civil Procedure 54(d)(1), provides in relevant part that costs *should* be allowed to the prevailing party. There is a "strong presumption" that costs are to be granted to a prevailing party, but the matter is ultimately within the Court's discretion. *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 945 (7th Cir. 1997). The costs recoverable under Rule 54(d) are listed in 28 U.S.C. § 1920, which provides that a prevailing party may recover

   (1)   Fees of the clerk and marshal;
   (2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
   (3)   Fees and disbursements for printing and witnesses;
   (4)   Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
   (5)   Docket fees under section 1923 of this title;
   (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

*See Weeks*, 126 F.3d at 945 (*citing Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987)) ("The Supreme Court has determined that 28 U.S.C. § 1920 defines the term 'costs' as it is used in Rule 54(d)."). These categories of costs include "deposition costs (including transcripts) as well pretrial and trial transcript costs." *Id.* at 945-46 (citing *SK Hand Tool Corp. v. Dresser Indus., Inc.*, 852 F.2d 936, 943-44 (7th Cir.1988)).

There is no denying that Defendants are the prevailing party in this case, and are thus presumptively entitled to costs. After a trial by jury, Defendants were found not liable for Plaintiff's claims. The only costs Defendants seek are those for printed or electronically recorded transcripts necessarily obtained for use in the case, which amounts to $695.75. (Doc. 310-1). As noted above, deposition costs are costs that are recoverable under Rule 54(d) and 28 U.S.C. § 1920, and there is no reason to believe that $695.75 is unreasonable.

"The presumption in favor of awarding costs to the prevailing party is difficult to overcome. … Generally, only misconduct by the prevailing party worthy of a penalty or the losing party's inability to pay will suffice to justify denying costs." *Weeks*, 126 F.3d at 945 (citations omitted). Plaintiff does not assert that Defendants engaged in any misconduct, and he does not claim to be unable to pay the costs sought. Plaintiff's only basis for his objection is that he was awarded costs incurred for pursuing his appeal in this matter to the Seventh Circuit for the production of briefs.

Plaintiff's counsel attempted to collect the costs he was awarded pursuant to Federal Rule of Appellate Procedure 39, $657.00, but was informed by the State of

Illinois, who represented Defendants, that such costs could not be paid at this time. Therefore, Plaintiff seeks an equitable remedy of offsetting any costs awarded in this action by the amount owed to him because of his successful appeal.

Because Defendants are the prevailing party and are entitled to recover the reasonable costs, and because Plaintiff has failed to overcome the presumption the Defendants are entitled to recover these costs, the Court GRANTS Defendants' Motion for Bill of Costs (Doc. 310) partially. The Court agrees with Plaintiff that the amount should be offset by the amount owed Plaintiff for his successful appeal. Although the Court was unable to find a similar situation such as the one here, the Court was wide discretion to fashion awards of costs. *Northbrook Excess & Surplus Ins. Co. v. Procter & Gamble Co.*, 924 F.2d 633, 642 (7th Cir. 1991). Therefore, Defendants are AWARDED $38.75 in costs; the Clerk SHALL prepare an amended judgment against Plaintiff awarding $38.75 in costs to Defendants. IT IS SO ORDERED.

Entered this 18th day of April, 2016.

                                                      s/ Joe B. McDade
                                                     JOE BILLY McDADE
                                    United States Senior District Judge